[No. S146288. Oct. 27, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
RYAN ESTEBAN CONCEPCION, Defendant and Appellant.

78

COUNSEL

Terrence Verson Scott, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, James D. Dutton, Steve Oetting and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CORRIGAN, J.—Under Penal Code section 1043, subdivision (b)(2),[1] a noncapital felony trial may continue in a defendant's absence, if the defendant was present when trial began, then later voluntarily absents himself.

Defendant's jury had been sworn, but on the morning of the first day evidence was to be taken, he escaped before court convened. Several hours later he was apprehended in a nearby community and the court was informed he could be returned to court the following morning. That afternoon the trial proceeded in his absence.

A divided Court of Appeal reversed, reasoning that "[*defendant's*] *absence ceased to be voluntary once he was returned to custody.*"

To the contrary, we hold that an escapee's voluntary absence includes the time reasonably required to return him to court after apprehension.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with offenses arising from two separate incidents. In the Lopez case, it was alleged that he carjacked a vehicle belonging to Hector Lopez, demanding his car key at gunpoint. Soon after Lopez complied, police saw defendant driving Lopez's car. A high-speed chase ended when defendant crashed the car into a tree. A gun was recovered from the car, and Lopez identified defendant at the scene. Defendant was charged with carjacking, use of a firearm, possession of a firearm by a felon, and flight from a police officer.[2]

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] Sections 215, subdivision (a), 12022.53, subdivision (b), 12021; Vehicle Code section 2800.2.

In the Hall case, it was alleged that defendant and a companion went to the home of Lettie Hall, an elderly woman who had offered a gun for sale. After they were admitted, they used a ruse to leave the home with the gun. Defendant was charged with burglary and grand theft.[3]

Defendant was present when his trial on all charges began with jury selection[4] on Wednesday, February 11, 2004. At the end of the session the jury was sworn and the case was continued to resume with opening statements and testimony on February 17. The morning of the 17th did not unfold as had been expected. That morning the courthouse was "locked down" because some prisoners had escaped. It was reported that defendant was one of those at large.

The trial court faced a dilemma, which it approached methodically. It spoke to the jury panel as a group and informed them that defendant would not be present. It admonished them that they could not speculate about the reason for his absence. It inquired of each juror individually what he or she had experienced in terms of the lockdown. It asked about their reactions to that event and defendant's absence. It secured an assurance from each that they would not let those circumstances affect their performance as jurors.

Defense counsel's motion for a continuance or a mistrial was denied. The court found that the jurors were able to follow the court's instructions fairly and impartially, that defendant had voluntarily absented himself after the trial had begun, and that it was appropriate to proceed without him under section 1043. The court recessed for lunch, with opening statements to begin thereafter.

After lunch and before opening statements, the court was informed that defendant had been apprehended and was in custody in a community some 20 miles away. The sergeant responsible for transporting prisoners informed the court that defendant could not be brought back for trial until the following day. The court elected to proceed. Opening statements were given and all three prosecution witnesses in the Lopez carjacking case completed their direct and cross-examination. The court recessed for the day, and defendant was present the next morning.

The district attorney presented two witnesses relating to the Hall gun theft and burglary allegations. The court also allowed, over defense objection, the testimony of two officers concerning defendant's escape and his return to the

---

[3] Sections 459, 487, subdivision (d)(2).

[4] For the purposes of section 1043, a jury trial begins with jury selection. (*People v. Granderson* (1998) 67 Cal.App.4th 703, 709 [79 Cal.Rptr.2d 268] (*Granderson*).) Defendant does not contend otherwise.

detention facility at 7:00 p.m., dressed in civilian clothes. Before the officers testified, counsel was given the opportunity to interview them. The jury was given a modified version of CALJIC No. 2.52, as follows: "The escape of a person from custody after the commission of a crime, or after he is accused of a crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide." Defendant does not contest the accuracy of that instruction. He called no witnesses and did not testify.

In the Lopez case, the jury convicted defendant of the three offenses and found true the firearm-use allegation. In the Hall matter, it convicted him of grand theft, but, notably, found him not guilty of burglary. Defendant waived his right to a jury trial on his prior conviction allegations. The court found that he had been convicted of assault with a deadly weapon, a serious felony and a strike.[5] He was sentenced to 27 years in prison.

Over the dissent of Presiding Justice Ramirez, the Court of Appeal reversed the judgment. It reasoned that once defendant was taken back into custody, "he was again subject to the control of the state. After his rearrest, therefore, his absence from his trial was involuntary, regardless of the initial voluntariness of his failure to appear in court." The Court of Appeal reversed the entire judgment. It did not explain why it believed the asserted error in trying the carjacking charges in absentia infected the conviction for the firearm theft tried in defendant's presence.

We reverse the judgment of the Court of Appeal.

## II. DISCUSSION

A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043. (*People v. Cole* (2004) 33 Cal.4th 1158, 1230 [17 Cal.Rptr.3d 532, 95 P.3d 811]; *People v. Waidla* (2000) 22 Cal.4th 690, 741 [94 Cal.Rptr.2d 396, 996 P.2d 46].)

A defendant, however, does not have a right to be present at every hearing held in the course of a trial. (*People v. Hines* (1997) 15 Cal.4th 997, 1039 [64 Cal.Rptr.2d 594, 938 P.2d 388]; *People v. Price* (1991) 1 Cal.4th

---

[5] Section 667, subdivisions (a), (c), and (e); section 1170.12, subdivision (c)(1).

324, 407 [3 Cal.Rptr.2d 106, 821 P.2d 610].) A defendant's right to be present depends on two conditions: (1) the proceeding is critical to the outcome of the case, and (2) the defendant's presence would contribute to the fairness of the proceeding. (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [96 L.Ed.2d 631, 107 S.Ct. 2658]; *People v. Perry* (2006) 38 Cal.4th 302, 312 [42 Cal.Rptr.3d 30, 132 P.3d 235] (*Perry*).)[6] A defendant clearly has a right to be present when witnesses testify at trial. (*United States v. Gagnon* (1985) 470 U.S. 522, 526 [84 L.Ed.2d 486, 105 S.Ct. 1482]; *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1202 [130 Cal.Rptr.2d 917, 63 P.3d 1000] (*Gutierrez*).)

■ The right to be present may be waived, however. (*People v. Young* (2005) 34 Cal.4th 1149, 1213 [24 Cal.Rptr.3d 112, 105 P.3d 487]; *People v. Price, supra*, 1 Cal.4th at 405.) Waiver may be express or implied. (*Gutierrez, supra*, 29 Cal.4th at p. 1206.) Cases finding implied waivers have often involved disruptive behavior. (See, e.g., *Illinois v. Allen* (1970) 397 U.S. 337, 343–344 [25 L.Ed.2d 353, 90 S.Ct. 1057]; *People v. Welch* (1999) 20 Cal.4th 701, 773 [85 Cal.Rptr.2d 203, 976 P.2d 754] (*Welch*).) A waiver may also be implied by escape during trial (*Golden v. Newsome* (11th Cir. 1985) 755 F.2d 1478, 1481) or failure to return to trial while on bail (*Taylor v. United States* (1973) 414 U.S. 17, 20 [38 L.Ed.2d 174, 94 S.Ct. 194]). " 'Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.' " (*Diaz v. United States* (1912) 223 U.S. 442, 458 [56 L.Ed. 500, 32 S.Ct. 250], quoting *Falk v. United States* (D.C. Cir. 1899) 15 App.D.C. 446, 460–461.)[7]

---

[6] Thus a defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding. (*Perry, supra*, 38 Cal.4th at p. 312.) Examples include the exclusion of a defendant from a conference regarding the competency of child witnesses (*Kentucky v. Stincer, supra*, 482 U.S. 730), whether to remove a juror (*Rushen v. Spain* (1983) 464 U.S. 114 [78 L.Ed.2d 267, 104 S.Ct. 453]), and settling on jury instructions (*People v. Morris* (1991) 53 Cal.3d 152, 210 [279 Cal.Rptr. 720, 807 P.2d 949]). There is no error in excluding a defendant from routine procedural discussions on matters that do not affect the outcome of the trial, such as when to resume proceedings after a recess. (See, e.g., *People v. Hines, supra*, 15 Cal.4th at pp. 1039–1040.)

[7] We reject defendant's claim that this line of authority was impliedly overruled by *Giles v. California* (2008) 554 U.S. ___ [171 L.Ed.2d 488, 128 S.Ct. 2678] (*Giles*).

*Giles* is inapposite. An appellate decision is authority only for the points actually involved and decided. (See, e.g., *People v. Evans* (2008) 44 Cal.4th 590, 599 [80 Cal.Rptr.3d 174, 187 P.3d 1010].) *Giles* did not remotely address the question whether a defendant impliedly waives his right of presence by voluntarily absenting himself from trial.

*Giles* involved an application of the hearsay rule and how the principle of *forfeiture by wrongdoing* mentioned in *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177,

■    Section 1043, subdivision (b)(2), permits a court in a noncapital felony case to proceed with trial in a defendant's absence, if the defendant is present when the trial begins, but later voluntarily absents himself.[8]

" 'Unquestionably section 1043, subdivision (b)(2), was designed to prevent the defendant from intentionally frustrating the orderly processes of his trial by voluntarily absenting himself.' ([*People v. Connolly* (1973) 36 Cal.App.3d 379, 384 [111 Cal.Rptr. 409] (*Connolly*)].)" (*Gutierrez, supra*, 29 Cal.4th at pp. 1204–1205.) It provides the trial court with clear guidance and direct authority to ensure the orderly process of trial when a defendant is absent voluntarily.

Delay is always disruptive to some degree. The disruptions that delay may entail are summarized in *Granderson, supra*, 67 Cal.App.4th 703. "By the time the oath is administered to the jurors selected in a criminal case, significant resources (both fiscal and human) have been tapped. A courtroom and its personnel have been set aside for the trial, precluding their use for the trial of any other case. Prospective jurors have been summoned, at great cost and inconvenience to many of them. The prosecutor and defense counsel have arranged their schedules accordingly and may have had to continue other cases they are handling. Subpoenaed witnesses have taken the steps necessary to ensure that they are available to testify. The court and counsel may have invested time, energy, and resources to prepare for and address motions *in limine*. During voir dire, prospective jurors have been subjected to

---

124 S.Ct. 1354] would be interpreted. The question in *Giles* was whether that equitable doctrine applied where the defendant was on trial for murder and the alleged wrongdoing making the witness unavailable was the murder of that witness. (*Giles, supra*, 554 U.S. at p. ___ [128 S.Ct. at pp. 2681–2682].)

In *People v. Giles* (2007) 40 Cal.4th 833 [55 Cal.Rptr.3d 133, 152 P.3d 433], this court concluded that the doctrine of forfeiture by wrongdoing did apply under those circumstances. On certiorari, the United States Supreme Court disagreed. It concluded that at common law "unconfronted testimony would *not* be admitted without a showing that the defendant intended to prevent a witness from testifying. In cases where the evidence suggested that the defendant had caused a person to be absent, but had not done so to prevent the person from testifying—as in the typical murder case involving accusatorial statements by the victim—the testimony was excluded unless it was confronted or fell within the dying-declaration exception." (*Giles, supra*, 554 U.S. at p. ___ [128 S.Ct. at p. 2684].) The court added that the rule propounded by this court was not recognized at common law and not established in American jurisprudence. (*Id.* at p. ___ [128 S.Ct. at p. 2687].)

By contrast, as noted in the text, the doctrine that a defendant impliedly waives the right of presence by voluntarily absenting himself from trial has been well established in the jurisprudence of the high court for almost a century.

[8] Section 1043, subdivision (b) provides: "The absence of the defendant in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: [¶] . . . [¶] (2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent."

personal, probing questions. And if another matter had to be reset because the criminal trial has made the courtroom and its personnel unavailable to try the other case, the administration of justice has been affected, and other parties have been inconvenienced, often at great personal expense." (*Id.* at p. 708.)

Here, the district attorney raised another concern. Civilian witnesses in the Lopez case were fearful about testifying against defendant who had stolen their car at gunpoint. His escape made them even more fearful. Nevertheless, they were present and prepared to give evidence. Delaying the trial would have done them a considerable disservice.

The Court of Appeal's rigid rule that an escapee's absence ceases to be voluntary the moment he is apprehended would blind the courts to the totality of the circumstances, which may vary widely. A defendant might not be apprehended in a nearby community, but in another state or country. A rule requiring that his trial not proceed until he was returned, regardless of reasonable delay, would be unworkable and would surely "frustrat[e] the orderly processes of his trial." (*Connolly, supra,* 36 Cal.App.3d at p. 384.) It would ignore the fact that defendant's absence was caused in the first instance by his own misconduct. Defendant cannot reasonably insist that the system should have reacted instantaneously to accommodate him once his escape plans went awry. That he found himself detained in another location was, at that point, a circumstance of his own creation. A rule that holds an escapee is voluntarily absent from the time he absconds until he can reasonably be returned to court satisfies both constitutional and statutory requirements.

The role of an appellate court in reviewing a decision to proceed with trial in a defendant's absence is a limited one. Here, the scope of review is restricted to whether, under the totality of the circumstances, the trial court's determination of two factual questions was supported by substantial evidence. (1) Was defendant voluntarily absent when court convened that morning? (2) Once defendant was recaptured, was it reasonable to take an afternoon to return him to court? The trial court answered both of these questions in the affirmative. Its determinations were supported by substantial evidence.

The trial court's determination that defendant was voluntarily absent that morning was undisputed. It was his own counsel who first informed the court that he had reportedly escaped. Counsel's information was later confirmed by the sergeant responsible for transporting prisoners to court.

We reject defendant's contention that the trial court had a sua sponte duty to reconsider its ruling once he was recaptured. It was up to defendant to move for reconsideration, which he failed to do. Even now he has failed to

identify any new information that would have tended to undermine the trial court's determination of voluntary absence.

Defendant's reliance on *Connolly, supra,* 36 Cal.App.3d 379, is misplaced. Connolly was on bail. When he failed to appear for the second day of trial, the court conducted a hearing into whether his absence was voluntary and determined that it was. The trial continued in Connolly's absence and he was convicted. Subsequently, he moved for a new trial. He testified about his activities on the day of his absence in an attempt to show that it had not been voluntary. The motion was denied and he was sentenced. The Court of Appeal affirmed.

Defendant contends that *"Connolly* contemplates a two-step process with an initial preliminary ruling on 'voluntary absence' and a more definitive ruling when the facts become clearer." Defendant relies on the following language in *Connolly.* "A crucial question must always be, 'Why is the defendant absent?' This question can rarely be answered at the time the court must determine whether the trial should proceed. Consequently, in reviewing a challenge to the continuation of a trial pursuant to Penal Code section 1043, subdivision (b)(2), it must be recognized that the court's initial determination is not conclusive in that, upon the subsequent appearance of the defendant, additional information may be presented which either affirms the initial decision of the court or demands that defendant be given a new trial. It is the totality of the record that must be reviewed in determining whether the absence was voluntary." (*Connolly, supra,* 36 Cal.App.3d at pp. 384–385.)

Unlike Connolly, defendant did not move for reconsideration of the determination of voluntary absence, and he did not seek to bring to the trial court's attention any new evidence that purportedly undermined that determination. He does not even now contest that his absence was voluntary.

Turning to the trial court's second factual determination, defendant now claims that it was "patently absurd" of the sergeant to say that defendant could not be returned to the court that afternoon. The argument fails. Because of defendant's escape, a heightened degree of security was obviously required in transporting him. The sheriff's office was dealing with an emergency situation caused by the escape of several prisoners. There is nothing in the record to support the conclusion that a delay until the next morning was unreasonable.

Defendant also contends that "[b]ecause appellant's escape did not occur in the middle of the trial, any state interest in holding a trial In Absentia was either substantially diminished or nonexistent." Again, the argument fails. First, jeopardy attached when the jury was sworn. (*Crist v. Bretz* (1978)

437 U.S. 28, 38 [57 L.Ed.2d 24, 98 S.Ct. 2156]; *People v. Fields* (1996) 13 Cal.4th 289, 299 [52 Cal.Rptr.2d 282, 914 P.2d 832].) Further, his claim overlooks the disruptions outlined in *Granderson, supra,* 67 Cal.App.4th 703, and the additional impact on the understandably fearful witnesses here.

## III. DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Chin, J., and Moreno, J., concurred.

**WERDEGAR, J.,** Concurring.—I agree with the majority that the period of a defendant's voluntary absence from trial precipitated by the defendant's escape from custody includes the time it reasonably takes to return the defendant to court after he or she is again in custody. I also agree a trial court's factual determination that a delay in returning a defendant to court was reasonable must be upheld if supported by substantial evidence. But here the trial court made no such factual determination, simply telling the parties it had been informed defendant could not be brought back to court until the day after his recapture. That statement is not a factual determination and, as it did not follow an evidentiary hearing, it certainly is not a factual determination reviewable for substantial evidence.

Nonetheless, I believe the judgment must be affirmed because defendant never argued to the trial court that the authorities unreasonably delayed his return. Under the circumstances, defendant's failure to make that argument implied he agreed the delay was reasonable, and the court therefore had no obligation to consider the matter further. *People v. Connolly* (1973) 36 Cal.App.3d 379 [111 Cal.Rptr. 409], which defendant cites in arguing that the trial court had a sua sponte duty to consider whether his absence continued to be voluntary after he was returned to custody, is distinguishable. In *Connolly,* the court initially determined the defendant's absence was voluntary, but reconsidered the question after the defendant raised it in a motion for new trial. (*Id.* at p. 386.) Defendant here did not seek reconsideration of the trial court's ruling that his absence during the second morning of trial was voluntary. Nor did he raise in the trial court the new question whether what had been a voluntary absence became involuntary as a result of an unreasonable delay in transporting him to court after his return to custody.

I also wish to avert any misconception that might flow from the majority's discussion of *People v. Granderson* (1998) 67 Cal.App.4th 703 [79 Cal.Rptr.2d 268], cited for the unremarkable conclusion that delays in the proceedings are disruptive. (Maj. opn., *ante,* at pp. 83–84.) *Granderson* concerned the point at which trial commences for purposes of Penal Code

section 1043, subdivision (b)(2), conferring discretion to proceed in the defendant's voluntary absence "after the trial has commenced." It was found there that the resources, time and energy expended by court and counsel and the inconvenience to the jurors summoned to trial required a finding a trial commences no later than the time a jury is impaneled. (*Granderson*, at p. 708.) Here there is no need to consider the factors discussed in *Granderson*, as defendant's absence unquestionably followed the commencement of trial. Those factors are not relevant to the issue actually presented by this case: whether defendant's failure to appear at trial after his recapture was or was not voluntary. Neither are they relevant to an issue the majority discusses that is *not* presented by this case: whether avoiding disruptions such as those enumerated in *Granderson* justifies proceeding in a defendant's voluntary absence. (See maj. opn., *ante*, at pp. 83–84.) A court would not abuse its discretion by proceeding in a defendant's voluntary absence even if a delay in trial would be only minimally disruptive. The majority's discussion of *Granderson* therefore is unnecessary and potentially misleading.