[No. C058337. Third Dist. Feb. 9, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHON CORTNEY WATKINS, Defendant and Appellant.

1404

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■

### COUNSEL

Kristin Cobery, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French, Catherine Chatman and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**RAYE, J.**—After the court denied defendant Stephon Cortney Watkins's motion to suppress evidence obtained following a stop and search of his car (Pen. Code, § 1538.5) and his subsequent motion to dismiss the information (Pen. Code, § 995), a jury convicted him of possessing cocaine base for sale (count one; Health & Saf. Code, § 11351.5) and transporting cocaine base (count two; Health & Saf. Code, § 11352, subd. (a)). Sentenced to five years' probation, including 180 days in county jail, defendant contends his motion to suppress evidence should have been granted because the vehicle stop and the subsequent search were illegal. We shall affirm.

## BACKGROUND

Because defendant does not challenge the verdict, we recount only the evidence relevant to the search and seizure.

*The Penal Code Section 1538.5 Motion*

At the preliminary hearing, Elk Grove Police Officer Chris Reese testified as follows:

Around 2:30 a.m. on February 1, 2007, driving westbound on Geneva Pointe Drive toward East Stockton Boulevard, Officer Reese observed a blue Buick approaching the stop sign at the intersection. When it stopped, Officer Reese saw that the driver's side "stop lamp," or brake light, was not operating. He pulled the Buick over.

Defendant falsely identified himself to the officer as Marques Watkins (actually defendant's brother's name). Defendant said he was on probation but did not say whether it included a search condition. He also said he did not have a driver's license with him. A record check showed that Marques Watkins's license was suspended or revoked. After finding that defendant was unarmed, Officer Reese detained him, unhandcuffed, in the back of the patrol car.

Although the record check had not shown that Marques Watkins was on probation, Officer Reese, relying on defendant's statement, conducted a "probation search" of defendant's car. A torn baggie and an off-white substance found under the driver's seat field tested positive for cocaine base. Officer Reese arrested defendant.

After his arrest, defendant gave his true name. Checking that name, Officer Reese found that defendant was on searchable probation.

A defense investigator testified that five days after the arrest, he photographed defendant's impounded car (in daylight, with the car in park). The photographs, admitted in evidence, showed all brake lights working; in fact, the driver's side had more lights illuminated than the passenger's side.

Defendant did not testify.

Defense counsel argued that (1) the stop was illegal because the photographs proved Officer Reese could not have seen any defect in the brake light and (2) the search was not a valid probation search because the officer did not know when he did the search that defendant was on searchable probation.

The prosecutor replied that the photographs were not competent evidence of what the officer saw at the time of the vehicle stop, and the search was valid as a search incident to arrest: because defendant lacked a license and Marques Watkins (whom the officer reasonably believed defendant to be) had a suspended or revoked license, the officer had probable cause to arrest defendant before performing the search. Therefore, it did not matter whether the officer knew then that defendant was on searchable probation.

Defense counsel responded that the search was not incident to arrest because it was not "real contemporaneous" with the arrest: when the officer did the search he had not arrested defendant or even said that he intended to arrest him.

The magistrate ruled (1) the stop was valid because the officer's testimony showed reasonable grounds for suspicion of a Vehicle Code violation (even in defendant's photographs there was a clear difference between the brake lights on the two sides, which would justify a stop)[1] and (2) the search was valid based on defendant's detention for what the officer reasonably believed to be driving on a suspended or revoked license. (The magistrate did not call it a search incident to arrest.)

*The Penal Code Section 995 Motion*

Defendant argued that the magistrate had erred factually as to the officer's testimony about the brake lights, and that the search was not a valid probation search because the officer was ignorant of defendant's search condition at the time.

The prosecutor replied that defendant was estopped to contest the validity of the search as a probation search: having concealed his search condition from the officer by unlawfully misidentifying himself, he could not profit from his own wrongdoing.

The trial court found that the stop was based on reasonable suspicion of a Vehicle Code violation and the search was incident to arrest. The court declined to reach the issue of defendant's probation conditions.

## DISCUSSION

## I

Defendant contends the traffic stop was not justified by probable cause. This contention fails.

---

[1] The magistrate acknowledged that his notes on the officer's testimony contained a conflict: they showed that the officer had said the *passenger's side* brake lights were not working, but also that he said the driver's side brake lights were not working. The magistrate found it unnecessary to resolve this conflict because even defendant's evidence showed that the lights on one side were not working properly.

■ First, defendant misstates the legal standard. Reasonable suspicion of a Vehicle Code violation or other criminal activity justifies a traffic stop; probable cause is not needed. (*People v. Hernandez* (2008) 45 Cal.4th 295 [86 Cal.Rptr.3d 105, 196 P.3d 806]; *People v. Rodriguez* (2006) 143 Cal.App.4th 1137, 1148 [49 Cal.Rptr.3d 811] (*Rodriguez*).)

Second, defendant misstates the evidence and ignores our standard of review of the magistrate's findings of fact. When reviewing the denial of a motion to suppress evidence, we view the facts most favorably to the respondent and uphold the magistrate's factual findings if supported by substantial evidence. (*People v. Woods* (1999) 21 Cal.4th 668, 673 [88 Cal.Rptr.2d 88, 981 P.2d 1019]; *People v. Leyba* (1981) 29 Cal.3d 591, 596–597 [174 Cal.Rptr. 867, 629 P.2d 961]; *People v. Trujillo* (1990) 217 Cal.App.3d 1219, 1223–1224 [266 Cal.Rptr. 473].) The magistrate expressly credited the officer's testimony that one of defendant's brake lights was not working properly. This was substantial evidence that the officer had reasonable grounds to suspect a Vehicle Code violation. (Veh. Code, § 24603 [functioning stop lamps required].)[2] It does not matter whether the officer's suspicion proved correct. (*Rodriguez, supra,* 143 Cal.App.4th at p. 1148.)

Defendant relies on *Rodriguez*, but his reliance is misplaced. In *Rodriguez*, the trial court did not determine whether the officer's testimony about the vehicle's defective taillights and brake lights was credible. (*Rodriguez, supra,* 143 Cal.App.4th at p. 1142.) Here, the magistrate did so.

## II

In their original briefing on appeal, the parties argued only whether the search was valid as incident to arrest. Neither party considered the estoppel theory raised by the People on defendant's Penal Code section 995 motion. We requested supplemental briefing on that issue. We now conclude that the People's estoppel theory is correct. Because defendant's wrongdoing in concealing his search condition from the officer by misrepresenting his identity estops him from contesting the search's validity as a probation search, we do not reach the question whether it was also a valid search incident to arrest.

■ The equitable principle "No one can take advantage of his own wrong" (Civ. Code, § 3517) applies in criminal law (*People v. Concepcion*

---

[2] Contrary to defendant's assertion, unsupported by record citation, the officer did not contradict himself as to which brake light was not working properly.

(2008) 45 Cal.4th 77, 82 [84 Cal.Rptr.3d 418, 193 P.3d 1172] (*Concepcion*); *People v. Pearson* (2008) 165 Cal.App.4th 740, 742 [81 Cal.Rptr.3d 234] (*Pearson*)). Thus, a criminal defendant who obtains a benefit in a judicial proceeding by intentionally concealing key information about his case is estopped to argue, when that information comes to light, that the court cannot use it against him. (*Pearson*, at pp. 744–747; *People v. Level* (2002) 97 Cal.App.4th 1208, 1213–1214 [119 Cal.Rptr.2d 551].) Similarly, a defendant who absconds from custody during trial is estopped to argue that the court violated his constitutional right to be present at trial by proceeding in his absence. (*Concepcion*, at pp. 81–82.)

Here, as in the cited cases, defendant committed a wrong and then tried to profit from it. As did the courts in those cases, we conclude that this misconduct results in an estoppel.

Defendant concealed his identity from Officer Reese, a misdemeanor offense (Pen. Code, § 148.9, subd. (a)); by doing so, he also concealed his probation search condition. Then he claimed that this ploy entitled him to suppress evidence obtained from what would otherwise plainly have been a lawful probation search.

■ A search pursuant to a parole or probation search condition is normally valid only if the officer knew of the condition when he did the search. (*People v. Sanders* (2003) 31 Cal.4th 318, 335 [2 Cal.Rptr.3d 630, 73 P.3d 496] [parole search condition]; accord, *People v. Hoeninghaus* (2004) 120 Cal.App.4th 1180, 1197 [16 Cal.Rptr.3d 258] [probation search condition]; *People v. Bowers* (2004) 117 Cal.App.4th 1261, 1268–1270 [13 Cal.Rptr.3d 15] [same]; see *In re Jaime P.* (2006) 40 Cal.4th 128 [51 Cal.Rptr.3d 430, 146 P.3d 965] [juvenile probation search condition].) This is so because "the reasonableness of a search must be determined from the circumstances known to the officer when the search was conducted[,] consistent with the primary purpose of the exclusionary rule—to deter police misconduct." (*Sanders, supra*, 31 Cal.4th at p. 334.)

■ Defendant relies on this line of cases to argue that Officer Reese's ignorance of defendant's probation search condition made the search unlawful. In these cases, however, the defendants did not prevent the officers from discovering their probation or parole status and search conditions by misrepresenting their identities. Thus, these cases do not conflict with our holding that defendant's misconduct estops him from challenging the validity of the search as a probation search. Cases are not authority for propositions not considered therein. (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

Defendant cites another case that might appear to count against an estoppel argument but in fact does not do so. In *Myers v. Superior Court* (2004) 124 Cal.App.4th 1247 [22 Cal.Rptr.3d 369], the defendant, who was on searchable probation, falsely told the officer that he was not on parole or probation. (*Id.* at pp. 1251, 1255–1256.) Unaware of the defendant's search condition and having no grounds for reasonable suspicion of criminal activity, the officer searched the defendant's person and discovered a controlled substance. (*Id.* at p. 1251.) The trial court upheld the search and seizure, but the appellate court reversed. (*Id.* at p. 1250.) In doing so, the appellate court rejected the People's claim that the defendant's misrepresentation of his status took the case outside the strictures of the exclusionary rule: "Although Myers gave [the officer] incorrect information, *Myers's response should have prompted [the officer] to conduct a record check where he would have discovered Myers was on probation and subject to a search condition.*" (*Id.* at p. 1256, italics added.) Here, by contrast, Officer Reese properly did a record check, but defendant's lie about his identity ensured that the record check would not disclose his probation search condition in time.

■ In his supplemental brief, defendant asserts that the scope of *Concepcion, supra,* 45 Cal.4th 77, and *Pearson, supra,* 165 Cal.App.4th 740, extends only to a defendant's wrongdoing at trial. But neither decision purports so to restrict the estoppel doctrine. On the contrary, by leading off with the Civil Code maxim, which states the relevant principle as broadly as possible, *Pearson* supports the opposite conclusion: the estoppel doctrine in the criminal context should apply to any and all wrong from which a defendant seeks to profit.

■ Defendant also asserts that because his "constitutional rights were not being independently protected by counsel at the time the misconduct occurred," it would deprive him of due process to hold that his misconduct estopped him from challenging the validity of the search as a probation search. He does not cite authority for this proposition, however, and we know of none that would support it. A legal contention stated as a bare assertion without supporting authority is forfeited. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [23 Cal.Rptr.2d 73].)

■ For all of the above reasons, we conclude defendant is estopped to claim that the search here was not validly conducted as a probation search. We therefore affirm the magistrate's ruling denying defendant's motion to suppress evidence and the trial court's ruling denying defendant's motion to dismiss the information.

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Robie, J., concurred.