Filed 5/14/13  P. v. Lomax CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C071006 |
| Plaintiff and Respondent, | (Super. Ct. No. SF115071A) |
| v. | |
| NATHAN LOUIS LOMAX, | |
| Defendant and Appellant. | |

After the denial of his motion to suppress, defendant Nathan Louis Lomax pled no contest to possession of cocaine base for sale and misdemeanor resisting arrest and admitted two prior prison terms and one prior strike.  The trial court dismissed a charge of possession of heroin for sale and several other enhancement allegations.

Sentenced to state prison, defendant contends the trial court erred by denying his motion to suppress because the evidence against him was obtained through an illegal detention.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

One night in June 2010, Stockton police officers drove past an apartment complex on East Oak Street several times because the complex was a very high-crime area; there

1

had been several recent shootings there, including one five days before; and there were frequent drug sales. The complex was posted for no loitering, including tenants, and the building manager appreciated the officers doing special checks on the complex.

Each time the officers drove by (several times), they saw defendant loitering in front of the apartment complex. As they got closer, he would walk into the complex and close the door behind him. People at that complex often loitered out front, then went inside the complex and closed the security door behind them, making it hard to approach them safely. Approaching police cars were easily visible from the building; whenever a police car looked as though it was coming to a stop, people would walk away very quickly. Therefore, around 2:00 a.m., several officers approached on foot to do a walk-through of the complex.

After the officers walked up to the complex, one of the officers saw defendant in the hallway "just standing there" for a short period of time. When the officers opened the door and defendant saw them in full uniform, he ran down the hallway, "[taking] off really fast." The officers caught him on the stairwell inside the complex. Upon searching him, they found what appeared to be heroin and rock cocaine.

In an unorthodox procedure, defendant filed a motion to suppress after the criminal complaint was filed against him but before the preliminary examination was held. The motion was based on facts set forth in the moving papers that had apparently been drawn from the police reports. Judge William Johnson denied the motion, finding that the totality of the circumstances gave the police a sufficient basis to detain defendant.

Before the preliminary examination, defendant refiled his motion to suppress without change. At the preliminary examination, Judge Terrence Van Oss declined to consider the renewed motion to suppress, concluding that defendant was not entitled to have the motion heard a second time before he was held to answer.

After defendant was held to answer, he refiled his motion to suppress without change, except that this time he attached police reports of the incident. Judge Seth Hoyt

2

subsequently heard and denied the motion, finding that a sufficient showing had been made to justify defendant's detention.

DISCUSSION

Defendant contends the trial court erred by denying his motion to suppress. We disagree.[1]

On review of a motion to suppress, we view the facts most favorably to the respondent and uphold the magistrate's factual findings if supported by substantial evidence. (*People v. Woods* (1999) 21 Cal.4th 668, 673; *People v. Watkins* (2009) 170 Cal.App.4th 1403, 1408.) However, we decide independently whether the search or seizure was reasonable under the Fourth Amendment. (*People v. Weaver* (2001) 26 Cal.4th 876, 924.)

In arguing that the trial court erred in denying his suppression motion, defendant first asserts that the officers did not have grounds to detain him for attempting to flee their presence because his flight was not "headlong." This argument is specious. Although the Supreme Court in *Illinois v. Wardlow* (2000) 528 U.S. 119 [145 L.Ed.2d 570] at one point used the term "headlong" to describe the defendant's flight in that case (*id.* at p. 124 [145 L.Ed.2d at p. 576]), nothing in the court's holding turned on that adjective. What the Supreme Court held was that "unprovoked flight upon noticing the

---

[1] In addition to defending the denial of the suppression motion on the merits, the People contend that because of the unorthodox procedure whereby defendant moved to suppress even before the preliminary examination was held, "it is difficult to determine what the factual basis was for the original suppression motion . . . before Judge Johnson" and "[i]t is further difficult to determine [what] the factual basis was for the renewed suppression motion before Judge Hoyt." On that basis, they contend "the appellate record . . . is not amenable to intelligible review and [therefore] this appeal should be rejected."

While the procedure here was certainly unorthodox, we find no difficulty in reviewing the denial of the suppression motion because the facts before Judge Johnson were not materially different from the evidence elicited at the preliminary examination.

3

police" or "nervous, evasive behavior" can be pertinent to determining reasonable suspicion. (*Ibid.*) Here, defendant engaged in evasive behavior several times before the officers came back to enter the building on foot. Then, when defendant saw the police entering the complex, he engaged in unprovoked flight, running away up the nearest staircase. Nothing about the nature of defendant's flight in this case distinguishes it from the flight at issue in *Wardlow*.

As for defendant's argument that the facts of this case are "remarkably different" from those in *People v. Souza* (1994) 9 Cal.4th 224 -- another "flight" case -- that argument is also meritless. According to defendant, while there were "several factors [including flight] which were weighed in the 'reasonable suspicion' of criminal activity calculation" in *Souza*, "[a]ll that can be said [here] is that at night [defendant] ran off when the police approached." Not so. The evidence showed that defendant was loitering late at night in front of an apartment complex where loitering was forbidden and which was known for a high amount of criminal activity, including drug sales. Several times when he saw police approaching in patrol cars, he evaded them by disappearing into the complex. Then, when he saw them approaching him on foot, he ran. All of these factors, taken together, supported a reasonable suspicion that defendant was involved in criminal activity, justifying his limited detention.

Defendant's final contention is that "[t]he factor of 'high crime area' can only be considered in the calculus of reasonable suspicion if the crimes in the area can be tied to the defendant," and "[t]he prosecution never provided this causal link in the hearing on the motion to suppress." Defendant is mistaken. It is true that *mere presence* in a high-crime area, without more, is not a legitimate basis for concluding that a person found in that area is engaged in criminal conduct. (See *People v. Pitts* (2004) 117 Cal.App.4th 881, 887.) A person's presence in a high-crime area, however, *can* provide context to that person's behavior in a way that supports a reasonable suspicion that the person is involved in criminal activity, and such was the case here. Defendant was seen repeatedly

4

loitering where no loitering was allowed in a place where "everyone was aware of the drug sale[s] in that area." That fact, along with his repeated evasions of police in their patrol cars, and his immediate flight from them when they arrived on foot, gave the police a reasonable basis for suspecting that defendant was loitering for the purpose of engaging in the sale of illegal drugs. Thus, there was a sufficient nexus between defendant's conduct and the previous crimes committed in that area to make the high-crime nature of the area a legitimate factor in the determination of reasonable suspicion.

DISPOSITION

The judgment is affirmed.


     ROBIE     , Acting P. J.


We concur:


     MAURO     , J.


     DUARTE     , J.