Filed 4/28/16  In re Robert A. CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re ROBERT A., JR., a Person Coming Under the Juvenile Court Law. | C078936 |
| THE PEOPLE, | (Super. Ct. No. JV136718) |
| Plaintiff and Respondent, | |
| v. | |
| ROBERT A., JR., | |
| Defendant and Appellant. | |

Minor Robert A., Jr., challenges the juvenile court's denial of his motion to suppress evidence.  (Welf. & Inst. Code, § 700.1.)  We shall affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A second amended petition under Welfare and Institutions Code section 602, subdivision (a) alleged that the minor unlawfully possessed a Taser on school grounds, a felony (Pen. Code, § 626.10, subd. (i)—count one);[1] resisted a law enforcement officer in the performance of his duties, a misdemeanor (§ 148, subd. (a)(1)—count two); possessed marijuana, a misdemeanor (Health & Saf. Code, § 11357, subd. (c)—count three); possessed burglary tools, a misdemeanor (§ 466—count four); committed misdemeanor theft (§ 484, subd. (a)—count five); and committed misdemeanor vandalism (§ 594, subd. (b)(2)(A)—count six).

Following the denial of the minor's motion to suppress evidence, the juvenile court conducted a contested jurisdictional hearing and sustained the allegations of counts two through six. The court imposed one day in juvenile hall with credit for time served and six days in a work project, then released the minor to his mother's care under the supervision of the probation officer.

## DISCUSSION

The minor contends that the police officer who detained and arrested him did not have a reasonable, articulable suspicion of criminal activity afoot when the officer attempted to perform an investigatory stop of the minor and the minor's associate, and that this lack of reasonable suspicion rendered the subsequent detention, search, and arrest unlawful. We disagree.

### *Background*

In reciting the facts on the motion to suppress, we consider only the evidence before the juvenile court on the motion. We disregard the minor's citations to evidence not offered until the jurisdictional hearing.

---

[1] Undesignated statutory references are to the Penal Code.

At the hearing on the suppression motion, Justin Freeland, a police officer employed by the Los Rios Police Department, testified that around 7:38 p.m. on October 24, 2014, he was patrolling the inner campus of Cosumnes River College, on the west side of the campus next to a staircase. The area was well lit by a streetlamp.

Officer Freeland saw two Black males, one of whom was the minor, by a bicycle rack, next to a bike locked in the rack. Then he saw them start to leave the area on their bikes; one was holding a bike tire in his hand. He saw that each male had a bike of his own only when they moved away from the bike rack. It struck him as suspicious that they had their own bikes and yet they were "at another bike at the bike rack."

At some point, the two males appeared to notice Officer Freeland. They then began moving more slowly and cautiously. Within 30 seconds of noticing the officer, one of the two males grabbed the bike tire and they started walking away with their bikes.

Thinking their behavior "odd," Officer Freeland stepped out of his patrol car and said, "[S]top, can I talk to you for a minute?"[2] They got on their bikes and started riding away quickly.

Officer Freeland activated his overhead lights and pursued the suspects out of the center exit and north on Center Parkway. When they got to Earhart, they made a U-turn and headed south on Center Parkway; the officer made a U-turn in pursuit. He tried to place his car in front of the suspects' bikes to stop them. Almost hitting the car, they dropped the bike tire on the ground. Freeland directed the campus patrol officer riding with him to grab the tire and throw it in the patrol car's trunk. The suspects turned around and headed back north on Center Parkway.

---

[2] Officer Freeland accepted the premise of the prosecutor's question that this was an "attempt to detain the minor."

The suspects split up and went in different directions.  Officer Freeland eventually spotted one (the minor) leaning against the fence of a house.[3]  He had a bicycle with him.

Officer Freeland parked his patrol car and got out.  Before Freeland could contact him verbally, the minor tried to flee on his bicycle.  Freeland tackled him.

Officer Freeland asked the minor if he had any weapons.  The minor said he had a Taser in his backpack.  The officer handcuffed one of the minor's hands, removed the backpack, and reapplied the handcuffs.  The officer then put the backpack, which emitted a smell of marijuana, in the trunk of the patrol car.  The campus patrol officer held the minor's bicycle outside the car door.  They returned to campus and went back to the bike rack.  From the time the officer took custody of the minor to the time they arrived back on campus, it was about three to five minutes.

Officer Knoll assumed custody of the minor and the backpack, and the minor was placed in Knoll's car.  Knoll began to search and inventory the backpack at the scene; Officer Freeland finished the search there, then replaced the items in the backpack in order to complete the inventory at the police station.  At the station, Freeland found a Pringles container that held marijuana, bolt cutters, an Allen wrench, pliers, a Phillips screwdriver, a tool used to remove bolts from a bicycle, a black ski mask, and a Taser or stun gun.  He also found a baggie and "multiple containers that [are] commonly used to store marijuana," a Zigzag roller, and some keys.

At the scene, Officer Freeland read the minor his *Miranda* rights,[4] and the minor said he understood them.  The officer arrested him for possession of marijuana, possession of burglary tools, theft, possession of a Taser on a school campus, and

---

[3] The other suspect was never caught.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

resisting an officer. He based the arrest on "the initial detention where they eluded me when I asked 'em to stop, my observations from the bike rack, and the pursuit."

The police recovered the bike tire the suspects had removed from the parked bike.

After hearing argument, the juvenile court ruled as follows:

"The motion to suppress is denied based on the totality of the circumstances.

"The Court finds that the officers had a reasonable suspicion, not just the taking of a wheel from a bike when leaving the bike rack with the two, with two bikes for the two suspects, but also the running and ditching of the wheel during the chase justified not only the detention, but was probable cause to arrest on the theft for a misdemeanor committed in the presence of the officers.

"The Court does not rely on officer safety as a basis for the search, but the testimony of the strong odor of marijuana emanating from the backpack at the time the backpack was on the minor when handcuffs were placed on him had to be removed, and the smell of marijuana alone from the backpack and probable cause for arrest at that time would be a reasonable search of the backpack just on the marijuana alone under current case law in the drug cases of marijuana in a backpack of a juvenile in the custody of the officers.

"The search was incident to a lawful arrest and probable cause existed at the time of the search."

*Analysis*

On review of a ruling denying a motion to suppress evidence, we view the facts most favorably to the respondent and uphold the lower court's factual findings if supported by substantial evidence. (*People v. Woods* (1999) 21 Cal.4th 668, 673; *People v. Watkins* (2009) 170 Cal.App.4th 1403, 1408.) However, we decide independently

5

whether the search or seizure was reasonable under the Fourth Amendment. (*People v. Weaver* (2001) 26 Cal.4th 876, 924.)

An officer may perform a brief investigative detention based on reasonable suspicion of wrongdoing; probable cause to believe that a crime has occurred or is occurring is not needed. " 'A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' " (*People v. Hernandez* (2008) 45 Cal.4th 295, 299.) Even if the circumstances observed by the officer might have an innocent explanation, they may still give rise to a reasonable suspicion, which entitles the officer to perform an investigative detention. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 146 (*Letner and Tobin*); *People v. Glaser* (1995) 11 Cal.4th 354, 373 (*Glaser*); *People v. Souza* (1994) 9 Cal.4th 224, 242 (*Souza*).) Furthermore, although not dispositive, flight from the police is a proper consideration in determining whether such a detention (or attempted detention) was proper. (*Souza*, at pp. 231-235.)

Relying on *In re Tony C.* (1978) 21 Cal.3d 888 (*Tony C.*), the minor asserts, "The question presented here is whether two [B]lack young males standing next to one bike at a bike rack, at night, with one holding a tire, justifies an investigatory stop and detention." According to the minor, Officer Freeland lacked reasonable suspicion of wrongdoing because he did not see the minor and his associate tampering with the bike on the rack in any way, fidgeting, scanning the area, breathing heavily, running away, acting as if in distress, "or any similar conduct"; the officer saw only that the minor "was simply standing by a bike on a bike rack and not engaging in any nefarious activity." The minor concedes that the officer testified he thought it was suspicious that the minor and his associate each "had their own bikes and they were at another bike at the bike rack," but the minor claims this testimony conflicts with the officer's testimony that he did not

6

see the two bikes until the minor and his associate started to move away from the bike rack. The minor's analysis is flawed, and *Tony C.* is inapposite.

Although the minor acknowledges that we must uphold the lower court's factual findings if supported by substantial evidence, the minor's account of the evidence ignores that rule. Contrary to the minor's framing of the issue, the "question presented here" is not "whether two [B]lack young males standing next to one bike at a bike rack, at night, with one holding a tire," was sufficient to justify an investigative detention. This "question" omits the court's finding that Officer Freeland saw the suspects take a tire from a parked bike even though they had their own bikes, which was enough to create a reasonable suspicion that they were stealing the tire. (Furthermore, there was no conflict in the officer's testimony: He simply described what he saw sequentially in a short time frame.) The possibility that the observed conduct might have had an innocent explanation does not mean that there was insufficient reasonable suspicion for an investigative detention. (*Letner and Tobin*, *supra*, 50 Cal.4th at p. 146; *Glaser*, *supra*, 11 Cal.4th at p. 373; *Souza*, *supra*, 9 Cal.4th at p. 242.) And, as the court also found, once the minor and his associate fled, that gave the officer additional grounds for the detention. (*Souza*, at pp. 231-235.)

The fact that the minor and his associate were seen engaging in possible criminal conduct distinguishes this case from *Tony C.,* in which the defendant was merely walking along the sidewalk when the officers detained him. (*Tony C.*, *supra*, 21 Cal.3d at pp. 896-898.) It is immaterial that the minor and his associate were not doing specific suspicious-looking things that other suspects have done (e.g., "fidgeting, scanning the area, breathing heavily"), because the minor cites no authority holding that only such acts can give rise to reasonable suspicion of criminal conduct.

Since the minor does not attack the search and seizure on any other ground, we need not address the rest of the juvenile court's reasoning.

**DISPOSITION**

The juvenile court's order denying the minor's motion to suppress is affirmed.

                                          _____BUTZ_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.

8