Filed 6/11/26

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| THE PEOPLE, | B337951 |
|---|---|
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA154319) |
| v. | |
| EDWARD BUSTILLOS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Maria A. Davalos, Judge.  Reversed and remanded.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Shezad H. Thakor and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

In 2020, defendant and appellant Edward Bustillos (Bustillos) pled no contest to one count of felony elder or dependent adult abuse. (Pen. Code, § 368, subd. (b)(1).)[1] Pursuant to a stipulated plea agreement, the trial court sentenced Bustillos to an upper term of four years in prison, suspended the sentence, and placed him on formal probation for five years. A few months later, Bustillos failed to appear in court. The trial court revoked his probation and issued a bench warrant. Nearly three years after that, in April 2024, the trial court recalled the bench warrant. In May 2024, Bustillos admitted that he violated his probation by failing to report and enroll in anger management classes. The trial court rejected his request to reinstate probation and resentenced him to the "agreed-upon" four-year upper term. Bustillos appealed.

The imposition of the upper term was valid when it was originally imposed in 2020. At that time, the trial court had broad discretion to impose the low, middle, or upper term based on which "best serve[d] the interests of justice." (Former § 1170, subd. (b); see also § 368, subd. (b)(1) [prescribing two, three, or four-year prison term for elder or dependent adult abuse].) That changed with the passage of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), effective January 1, 2022.

Now—and at the time of Bustillos's 2024 resentencing— when three possible terms of imprisonment may be imposed for a crime, a trial court may only impose the upper term "when there

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As recently held by the California Supreme Court in *People v. Mitchell* (May 18, 2026, S277314) ___ Cal.5th ___ [p. 2] (*Mitchell*), Senate Bill 567's changes to section 1170, subdivision (b), apply retroactively to sentences imposed pursuant to stipulated plea agreements in cases not final on appeal.

Because the facts used to justify the imposition of the upper term here were not "stipulated to or proven beyond a reasonable doubt at a jury or court trial" (*Mitchell*, *supra*, ___ Cal.5th ___ [p. 1]), we reverse the judgment. "On remand, [Bustillos] may either waive or invoke section 1170[, subdivision (b)]'s requirements. If [he] reaffirms [his] acceptance of the plea bargain and waives the rights now conferred under section 1170[, subdivision (b)], the [trial] court shall reinstate the original sentence as negotiated by the parties. If [he] declines to enter that waiver, in lieu of further proceedings the parties may agree to modify the existing plea bargain and accept a midterm . . . sentence . . . , then seek the court's approval of that downward departure. Absent a modified agreement and approval, [Bustillos]'s remedy is to withdraw [his] assent to the bargain, in which case [Bustillos]'s plea will be set aside and the parties returned to a pre-plea posture. At that point they would remain free to renegotiate further if they choose or to proceed to trial." (*Mitchell*, *supra*, ___ Cal.5th ___ [p. 2].)

This outcome is dictated by *Mitchell*, *People v. Esquivel* (2021) 11 Cal.5th 671, and *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction"].)

## ADDITIONAL THOUGHTS

We are concerned that the result here violates a maxim of jurisprudence that underlies our system of laws and is accepted as a moral imperative in most societies throughout the world: "No one can take advantage of their own wrong."  (Civ. Code, § 3517; see also *People v. Concepcion* (2008) 45 Cal.4th 77, 82 ["""Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong"""]; *People v. Watkins* (2009) 170 Cal.App.4th 1403, 1408 [Civil Code section 3517 "applies in criminal law"].)

Bustillos avoided capture until after the change in the law. Now he wants to gain the benefit of a more lenient sentence. These circumstances are markedly different from those in *Mitchell*, where the law changed while the defendant was serving her prison sentence (not having absconded) and had a pending appeal.  (See *Mitchell*, *supra*, ___ Cal.5th ___ [p. 5].)

We are reminded of *Riggs v. Palmer* (1889) 115 N.Y. 506, in which the appellate court decided whether a grandson who murdered his grandfather by poisoning could inherit under his grandfather's will.  (*Id.* at pp. 508–509.)  A literal construction of New York law would allow it; the court, however, concluded that equity could not.  (*Id.* at pp. 509–511.)  "[A]ll laws as well as all contracts may be controlled in their operation and effect by

4

general, fundamental maxims of the common law. No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime." (*Id.* at p. 511.)

An ameliorative statute is understood to "apply to every case to which it constitutionally could apply." (*Estrada, supra,* 63 Cal.2d at p. 745.) But an inflexible application of the *Estrada* presumption under the circumstances here comes at the price of violating overriding principles of justice. The Legislature may wish to correct this problem.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

<u>CERTIFIED FOR PUBLICATION</u>.


GILBERT, J.*

I concur:


LUI, P. J.

---

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5

*People v. Bustillos*
**B337951**
**RICHARDSON, J., Concurring.**


I concur in the majority's decision to vacate Bustillos's sentence and remand for further proceedings consistent with the recent decision in *People v. Mitchell* (May 18, 2026, S277314) __ Cal.5th __ [2026 WL 1379379] (*Mitchell*).

However, I do not share the majority's concerns about the retroactive application of Senate Bill 567 (2021–2022 Reg. Sess.) in this case.

In *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), our Supreme Court set forth the current rule regarding retroactive application of ameliorative statutory amendments. The *Estrada* presumption of retroactivity "stand[s] for the proposition that (i) in the absence of a contrary indication of legislative intent, (ii) legislation that ameliorates punishment (iii) applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675.) Because Senate Bill 567 is ameliorative and took effect when Bustillos's case was not final, the *Estrada* presumption applies. (See *Mitchell*, *supra*, __ Cal.5th at p. __ [2026 WL 1379379, *4].)

In *Estrada*, the court deemed one consideration of paramount importance: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper . . . . It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient

1

should apply to every case to which it constitutionally could apply." (*Estrada, supra,* 63 Cal.2d at p. 745.)

The *Estrada* majority was not swayed by the dissent's argument that under this retroactivity rule, defendants "have all to gain and nothing to lose by seeking every avenue of delay through appeals and legal maneuvers of all kinds, for, who knows, the Legislature might in the meantime reduce the punishment." (*Estrada*, *supra,* 63 Cal.2d at p. 753 (dis. opn. of Burke, J.).)

The majority expresses concern that Bustillos is able to benefit from Senate Bill 567 because his own misconduct led to his criminal proceeding not being final when Senate Bill 567 took effect. But the *Estrada* presumption applies ameliorative legislation to all nonfinal cases, regardless of why they are not final.

Our Legislature remains free, of course, to specify a different rule of retroactivity for legislation it passes. After all, the *Estrada* presumption applies only when the Legislature has not specified a contrary intent. As noted in *Estrada*, "[h]ad the Legislature expressly stated [whether the new statute applied retroactively], its determination, either way, would have been legal and constitutional. It has not done so. We must, therefore, attempt to determine the legislative intent from other factors." (*Estrada*, *supra,* 63 Cal.2d at p. 744.)

I therefore do not join in that portion of the majority's opinion expressing such concerns.

RICHARDSON, J.

2