Filed 09/20/24  P. v. Sanders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098642 |
| Plaintiff and Respondent, | (Super. Ct. No. CM015193) |
| v. | |
| LARRY EDWARD SANDERS, | |
| Defendant and Appellant. | |

In 2001, defendant Larry Edward Sanders was sentenced to 34 years to life in prison for attempted murder and assault.  His sentence included an upper term for the assault, two firearm enhancements, and a prior prison term enhancement.  The court also imposed two $10,000 restitution fines.

In 2022, defendant filed a petition to strike the enhancements based on changes in law and asked for reduction of the restitution fines.  In the resentencing brief, defense counsel wrote, "[d]efendant waives his right to be personally present."  At the resentencing hearing, the trial court stated, "[Defendant], as I understand it, has waived

1

his personal appearance for resentencing; is that correct, [defense counsel]?" Defense counsel responded, "Yes. That's correct, Your Honor," and then the court proceeded with the hearing in defendant's absence. The court struck the prior prison term enhancement and reduced the restitution fines to $200 but otherwise imposed the previous sentence.

On appeal, defendant contends the waiver presented by his attorney was invalid and the resentencing court prejudicially erred in holding the hearing in defendant's absence. Defendant also contends the resentencing court erred by reimposing the upper term for the assault and by including $10,000 restitution fines in the abstract of judgment inconsistent with the judge's oral pronouncement. We agree with defendant regarding his absence from the hearing and remand for resentencing. Because we remand, defendant's other contentions are moot. Undesignated statutory references are to the Penal Code unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, a jury found defendant guilty of assault with a firearm and attempted murder after he hit his ex-wife (ex-wife) in the head with a firearm and shot her boyfriend. Defendant was sentenced to 34 years to life in state prison composed of a 4-year upper term for the assault (§ 245, subd. (a)(1)), 4- and 25-year enhancements for the firearm use (§§ 12022.5, subd. (a), 12022.53, subd. (d)), and a 1-year prior prison term enhancement on the assault count (§ 667.5, subd. (b)). The court also imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a suspended $10,000 parole revocation fine (§ 1202.45).

In March 2022, defendant in pro per filed a petition for resentencing citing former section 1170.95 (now section 1172.6) (the first petition). (See *People v. Reyes* (2023) 14 Cal.5th 981, 984.) On May 5, 2022, the court appointed counsel for defendant as to the first petition.

On May 23, 2022, defendant still in pro per filed a second petition for resentencing (the second petition), again citing section 1172.6. The court treated the second petition as

one for resentencing under sections 1171 and 1171.1 (now sections 1172.7 and 1172.75), finding that defendant was convicted of an enhancement described in those sections. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 324-325.) The court appointed different defense counsel who filed a brief in support of the second petition. The brief: (1) requested dismissal of the prior prison term enhancement, citing section 1172.75; (2) requested dismissal of the firearm enhancements, citing sections 1385, subdivision (c) and 12022.53, subdivision (h); (3) requested that "all fines and fees be reduced to the statutory minimum" because they were imposed without a determination of defendant's ability to pay; and (4) stated, "[d]efendant waives his right to be personally present."

The court held a hearing on the first petition over two days in February and March 2023. The court denied the petition because the prosecution had proven beyond a reasonable doubt that defendant was the actual perpetrator acting with express malice.

The court held a hearing on the second petition in May 2023. At the outset of the hearing, the court stated its understanding that defendant had waived his personal appearance for resentencing and asked defendant's counsel if that was correct. Defense counsel confirmed the court's understanding. Boyfriend then testified against dismissing the firearm enhancements. While he acknowledged that over 20 years had passed since defendant's crime, he could not tell the court that defendant deserved a second chance at a decent life. He testified that defendant's act was "premeditated double attempted homicide," that defendant committed to killing both ex-wife and boyfriend "[i]f it's the last thing [he] ever [did]," and that defendant would enjoy taking ex-wife away from her grandchildren if he ever got another chance.

The court struck the one-year prior prison enhancement as legally invalid. As to the firearm enhancements, the court found two mitigating factors under section 1385, subdivision (c): (1) there are multiple enhancements alleged and (2) application of an enhancement could result in a sentence over 20 years. (§ 1385, subd. (c)(2)(B) & (C).) Because one victim was shot, the other was struck in the head with the gun, and the

3

firearm was operable and loaded, the court "decline[d] to strike the enhancements, as to do so would endanger public safety."  As to fines and fees, the court reduced the restitution fines to $200.  The abstract of judgment retained the original $10,000 restitution fines.

Defendant timely appealed from the order on the second petition.

We granted the People's request to augment the record to include any document filed or lodged demonstrating that the Secretary of the Department of Corrections and Rehabilitation (CDCR) identified defendant as a person serving a term for a judgment that includes an enhancement described in section 1172.75.  The superior court then filed a letter stating that no such documents were filed or lodged in defendant's case.

DISCUSSION

I

*Jurisdiction*

As a threshold issue, the People contend we cannot reach defendant's claims because the trial court lacked jurisdiction to rule on the second petition under section 1172.75.  We disagree.

Section 1172.75 invalidates sentence enhancements imposed[1] for prior prison terms unless the prior term was for a sexually violent offense.  (§ 1172.75, subd. (a).)  It also prescribes the procedure for resentencing affected defendants.  Specifically, by July 1, 2022, CDCR must identify individuals serving terms that include no-longer-valid enhancements and provide certain information about those individuals to the sentencing

---

[1] There is a split of authority regarding whether a *stayed* prior prison term enhancement is subject to resentencing under section 1172.75.  (See, e.g., *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 [§ 1172.75 requires resentencing for stayed prior prison term enhancement]; *People v. Rhodius* (2023) 97 Cal.App.5th 38, 48-49, review granted Feb. 21, 2024, S283169 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements].)  This issue is not before us because the prior prison term enhancement that defendant challenged was not stayed.

court that imposed the enhancement. (§ 1172.75, subd. (b).) Upon receiving that information, the court is required to verify that the current judgment includes an invalid prior prison term enhancement, recall the sentence, and resentence the defendant. (§ 1172.75, subd. (c).) We agree that "section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota. supra*, 97 Cal.App.5th at p. 332.) But we reject the People's position that this process was not triggered in this case.

Defendant filed the second petition in May 2022. On August 16, 2022, over one month after CDCR's deadline to identify eligible individuals, the trial court verified from its records that defendant was convicted of an illegal enhancement. In October 2022, over three months after the CDCR deadline, defendant filed his brief in support of resentencing. The court ruled on the petition in May 2023. On the records presented, we presume that the department performed its duty and identified defendant as eligible before the court ruled on the petition. (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."]) The trial court clerk's statement that nothing was filed or lodged in defendant's case does not rebut that presumption because section 1172.75 does not require a filing or lodging in a defendant's case to trigger the process. It requires CDCR to send certain information regarding the eligible individuals to the resentencing court, which is likely done by way of a list or spreadsheet of names with the required information (see *People v. Cota, supra*, 97 Cal.App.5th at p. 326 [describing list of individuals made available by CDCR through a secure portal]; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567, fn. 4 ["CDCR has identified some eligible defendants in 'at least one lengthy list of names, rather than in individual letters to the superior court' "]), and then requires the trial court to verify eligibility, which the trial court did in this case. We decline to find a lack of jurisdiction in this case. (See *Cota*, at p. 333

5

[rejecting lack of jurisdiction argument based on defendant's unauthorized motion for resentencing under section 1172.75].)

## II

### *Defendant's Absence*

Defendant contends the trial court prejudicially erred by proceeding with the resentencing hearing in his absence without a proper waiver. We agree.

" 'A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment." (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347.) "It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043." (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.) The right extends to all " 'critical stages of the criminal prosecution' " including sentencing and resentencing. (*Cutting*, at p. 347; see *People v. Quan* (2023) 96 Cal.App.5th 524, 533 ["The defendant's presence is required when the court must make fact-bound determinations as it exercises its sentencing discretion"].)

Under the federal and state constitutions, the defendant "can waive his right to be present, but the waiver must be ' "voluntary, knowing, and intelligent." ' " (*People v. Basler* (2022) 80 Cal.App.5th 46, 57.) According to our Supreme Court, the effectiveness of a defense's counsel's waiver of this right is "unsettled." (*People v. Mendoza* (2016) 62 Cal.4th 856, 899.) But, " '[a]t a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so.' " (*Ibid.*; see *People v. Davis* (2005) 36 Cal.4th 510, 532.) For example, a defense counsel's statement he had discussed the hearing with the defendant and the defendant would waive his presence is insufficient to establish a knowing and intelligent waiver without evidence that counsel informed the defendant of his right to attend or evidence that the defendant understood he would be unable to contribute to the discussion of certain evidence by absenting himself from the hearing. (*Davis*, at p. 532.)

6

Here, defense counsel's statement in his resentencing brief, and confirmation at the resentencing hearing, that "[d]efendant waives his right to be personally present" did not provide evidence that defendant understood the right he was waiving and the consequences of doing so. (See *People v. Quan, supra*, 96 Cal.App.5th at p. 535 [counsel's representation at the outset of a resentencing hearing of having authority to appear on the defendant's behalf pursuant to section 977, subdivision (b) did not show that defendant gave a knowing, voluntary, and intelligent waiver of his right to be present].) We agree with defendant that he was deprived of his constitutional right to be present at the hearing. As a result, we must reverse if the error was prejudicial. (*People v. Mendoza, supra*, 62 Cal.4th at p. 902.)

"Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23." (*People v. Davis, supra*, 36 Cal.4th at p. 532.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' " (*People v. Cutting, supra*, 42 Cal.App.5th at p. 348.) The burden falls on the People, not the defendant, to demonstrate that the violation of the defendant's federal constitutional right was harmless beyond a reasonable doubt. (*Id*. at p. 349.)

Here, the People do not address prejudice, so they fail to meet their burden. Even if defendant bore the burden of showing prejudice (see *Quan, supra*, 96 Cal.App.5th at p. 536), we cannot conclude beyond a reasonable doubt that defendant's absence did not affect the outcome of the proceeding. The court must dismiss an enhancement if it is in furtherance of justice to do so. (§ 1385, subd. (c)(1).) In making this "furtherance of justice" calculation, the court must afford great weight to evidence offered to prove certain mitigating circumstances and may consider other circumstances. (§ 1385, subd. (c)(2), (4) ["circumstances listed in paragraph (2) are not exclusive"].) The "furtherance of justice" standard allows courts to consider the nature and circumstances of the crime

and the defendant's background, character, and prospects. (*People v. Mazur* (2023) 97 Cal.App.5th 438, 446, review granted Feb. 14, 2024, S283229; see *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 497 [in determining whether to dismiss a firearm enhancement, a court considers the sentencing factors listed in the California Rules of Court, including any facts and circumstances relevant to the case].) Defendant might have offered relevant testimony as to those factors if he was present at resentencing. "While the trial court may or may not have chosen to believe what [defendant] might have said, . . . , we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome." (*People v. Cutting, supra*, 42 Cal.App.5th at p. 350.) Thus, we reverse and remand for resentencing where defendant is present or enters a valid waiver.

III

*Other Moot Issues*

Defendant contends imposition of the upper term for assault violated section 1172.75, subdivision (d)(4). Defendant also contends, and the People concede, that the abstract of judgment includes a clerical error because it retains the original $10,000 restitution fines even though the resentencing court's oral pronouncement reduced those fines to $200. Because we are vacating defendant's sentence and remanding for resentencing, these issues are moot. At resentencing, defendant is free to question the upper term on the assault and the trial court will necessarily create a new abstract of judgment that should reflect the oral pronouncement of any fines. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

8

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing. The trial court is ordered to conduct a new resentencing hearing at which defendant is present unless there is a valid waiver.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
MAURO, J.

9