Filed 7/16/14  P. v. Sims CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>LAMONTE DESHAWN SIMS,<br><br> Defendant and Appellant. | 2d Crim. No. B248126<br>(Super. Ct. No. TA126450-01)<br>(Los Angeles County) |

LaMonte DeShawn Sims appeals his conviction, by jury, of assault by means of force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (A)(1).)[1] The jury found appellant not guilty of kidnapping.  (§ 667, subd. (a)(1).)  Appellant, who has one prior felony conviction for bank robbery (18 U.S.C.A. § 2113, subd. (a), (d)), was sentenced as a second-strike offender to a term of eight years in state prison.  He contends:  CALCRIM No. 875, a pattern jury instruction defining the elements of assault by means of force likely to produce great bodily injury, improperly pinpoints the victim's injuries; the trial court erred when it denied his request to absent himself from the trial; his due process and confrontation rights were violated because the victim did not testify; the prosecutor knowingly presented false testimony; and the judgment is not supported by substantial evidence.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

*Facts*

Yvette Lopez lived across the street from King Taco, a fast food restaurant in Lynwood. At about 10:50 a.m. on January 3, 2013, Lopez heard Bryanna Warren screaming for help. When she looked out her front window, Lopez saw appellant screaming at Warren who was walking backwards, away from him. Appellant grabbed Warren's arm and began pulling her toward the back of the parking lot. Warren struggled to get away from appellant. At one point, she was on the ground, being dragged by him. Lopez saw appellant hit Warren in the face, with a closed fist. She called 911.

Lillie Bills arrived at the King Taco around the same time. As Bills was retrieving her wallet from the trunk of her car, she heard Warren screaming for help. When she looked up, she saw Warren walking backward as appellant walked toward her. Appellant hit Warren about three times with a closed fist. Bills could hear Warren saying, "Don't hit me. Don't hit me."

Bills went inside the restaurant. When she saw that no one inside seemed to be aware of the incident, she went back outside to get her cell phone from her car. Initially, Bills could not see appellant and Warren. She heard Warren scream again and then located the pair toward the back of the parking lot. Appellant was "stomping and kicking" Warren who was on the ground.

Sheriff's deputies arrived at the parking lot before Bills could place her call. By the time the deputies reached Warren and appellant, the couple was in appellant's car. Warren was crying loudly and holding her hand to the right side of her face. Her left eye was red and swollen. She had her other hand wrapped around her side, as if she were in pain. Warren's clothing was soiled on the right side, from the bottom of her pants all the way to the midsection of her jacket. Warren denied that anything had happened to her. She refused the deputies' offer of medical treatment. Warren did not testify at either the preliminary hearing or the trial.

Portions of the incident were captured on security video. The video shows appellant and Warren walking together; it does not show appellant striking Warrant.

2

*Instructional Error*

Appellant contends the trial court erred when it instructed the jury, in terms of CALCRIM No. 875, "No one needs to actually have been injured by defendant's act. But if someone was injured, you may consider that fact along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was. . . ." The instruction is erroneous, according to appellant, because it pinpoints the victim's injury without also informing the jury that it could consider the absence of injury. There was no error.

This precise argument was rejected in *People v. Golde* (2008) 163 Cal.App.4th 101. There, the Court of Appeal held CALCRIM No. 875 was not defective because, "intent to harm is not an element of the crime of assault with a deadly weapon, and therefore it would not be proper to instruct the jury that absence of injury could lead to the conclusion that there was no intent to harm." (*Id.* at p. 122.)

Appellant further contends the instruction impermissibly lowered the prosecution's burden of proof because it does not require the jury to find he actually touched someone or intended to use force when he acted. The argument is without merit. As our Supreme Court has explained: "[A]ssault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." (*People v. Williams* (2001) 26 Cal.4th 779, 790; see also, *People v. Parrish* (1985) 170 Cal.App.3d 336, 343 [section 245 "is directed at the force used, and it is immaterial whether the force actually results in any injury."]. ) CALCRIM No. 875 is consistent with these requirements. There was no error.

*Absence from Trial*

Appellant contends the trial court erred when it denied his request to absent himself from the trial. There was no error.

"A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and

the due process clause of the Fourteenth Amendment.  It is also required by section 15 of article 1 of the California Constitution and by sections 977 and 1043." (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.)  This right may be waived, but the defendant in a criminal matter has no affirmative, concomitant right to be absent, or "to otherwise avoid being confronted with the witnesses against him." (*People v. Frye* (1998) 18 Cal.4th 894, 1011.)

Here, the trial court's refusal to allow appellant to absent himself had no impact on the proceedings.  Appellant did not, for example, have verbal outbursts or otherwise disrupt the trial, creating a possibility the jury would be prejudiced against him. We cannot say the trial court abused its discretion when it required appellant to remain in the courtroom.  (*People v. Huggins* (2006) 38 Cal.4th 175, 202.)

*Confronting the Victim*

In a supplemental pro-se brief, appellant contends the trial court violated his rights under the Sixth Amendment to the federal Constitution because the victim  did not testify and he was, therefore, unable to cross-examine her.  We do not discuss this contention.  Appellant is represented by counsel who alone decide what issues should be raised on appeal.

*Prosecutorial Misconduct*

Lillie Bills testified that she saw appellant punch Warren about three times and kick her once.  In her initial statement to police, Bills said that she saw appellant kick Warren multiple times.  Lopez saw appellant punch Warren only once and did not see him kick her.  Appellant concludes Bills was lying and contends the prosecutor committed misconduct by presenting to the jury testimony he knew to be false.  The argument is without merit.   Inconsistencies in Bills' statements, or between her testimony and Lopez's testimony, do not establish that Bills was lying. (*People v. Vines* (2011) 51 Cal.4th 830, 873.)  It was the province of the jury to determine her credibility. (*People v. Riel* (2000) 22 Cal.4th 1153, 1181.)

4

*Substantial Evidence*

Appellant contends the judgment is not supported by substantial evidence because Bills was lying. It is, of course, the jury's job to determine the credibility of the witnesses and the weight, if any, to be given to their testimony. (*People vZamudio* (2008) 43 Cal.4th 327, 357-358.) We are obligated to review the entire record in the light most favorable to the judgment and to determine whether it contains reasonable, credible evidence upon which any rational trier of fact could rely in concluding that the prosecution sustained its burden of proof beyond a reasonable doubt. (*People v. Boyer* (2006) 38 Cal.4th 412, 479.) Here, even disregarding Bills' testimony, the evidence of appellant's guilt is substantial. Lopez saw appellant hit Warren in the face with a closed fist and drag her on the ground. A reasonable trier of fact could determine that, when he hit Warren in the face with a closed fist, appellant used force likely to produce great bodily injury. (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 749.)

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Eleanor J. Hunter, Judge

Superior Court County of Los Angeles

_____

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Joseph P. Lee, Jonathan J. Kline, Ryan M. Smith and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.