Filed 7/20/21  P. v. Bolden CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RONELL FREDERICK BOLDEN,<br><br>　　　Defendant and Appellant. | D078279<br><br><br><br>(Super. Ct. No. FVI1301535) |

APPEAL from a postjudgment order of the Superior Court of San Bernardino County, Debra Harris, Judge.  Order reversed and remanded.

Aaron J. Schechter, under appointment of the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Ronell Frederick Bolden was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a)), attempted robbery (§§ 664, 211), robbery (§ 211), and several firearm enhancements (§ 12022.53, subds. (b-d)). He previously appealed the judgment of conviction and the appellate court affirmed the judgment but remanded the matter for resentencing with directions for the trial court to decide whether to exercise its discretion to strike or dismiss one or more of the firearm enhancements pursuant to section 12022.53, subdivision (h).

Bolden now appeals from the trial court's subsequent order declining to exercise its discretion to strike or dismiss one or more of the enhancements and asserts the court erred because he was not present, and did not waive his right to be present, at the resentencing hearing. The People concede it was prejudicial error for the trial court to hold the hearing in his absence and agree the matter should be remanded once again for resentencing. We agree.

FACTUAL AND PROCEDURAL BACKGROUND

*The Underlying Convictions and Prior Appeal*

The following facts regarding the underlying crimes are summarized from this court's unpublished opinion in defendant's prior appeal, *People v. Ronell Frederick Bolden, et al.* (July 30, 2019, D074574 [nonpub. opn.]).

In the early morning hours of October 7, 2012, Bolden and an accomplice robbed two individuals in a restaurant parking lot at gunpoint. Bolden and his accomplices then drove around looking for other individuals to rob, and noticed a man exit a truck and walk towards an ATM in a bank parking lot. Bolden walked towards the man with his gun drawn and his accomplices heard two shots. Bolden returned to the car and said he "messed

---

[1]     All further statutory references are to the Penal Code.

up." The victim was later found, deceased, in the front seat of his truck with bullet wounds to his head and chest.

A jury convicted Bolden of one count of first degree murder (§ 187, subd. (a)) (count 1); one count of attempted robbery (§§ 664, 211) (count 2); and two counts of robbery (§ 211) (counts 5 and 6). They also found true three firearm enhancement allegations as to each of counts 1 and 2 (§ 12022.53, subds. (b-d)), and one firearm enhancement allegation as to each of counts 5 and 6 (§ 12022.53, subd. (b)). The trial court sentenced Bolden to a determinate prison term of 29 years 4 months and an indeterminate term of 50 years to life.

Bolden appealed and the appellate court affirmed the conviction. Shortly thereafter, Bolden filed a petition for rehearing based on amendments to section 12022.53 that became effective on January 1, 2018. The appellate court vacated Bolden's sentence and remanded the matter for resentencing with instructions for the trial court to consider whether to exercise its discretion to strike one or more of the firearm enhancements pursuant to section 12022.53, subdivision (h).

*The Resentencing Hearing*

On remand, Bolden filed a motion inviting the trial court to exercise its discretion to dismiss one or more of the firearm enhancements. At the outset of the resentencing hearing, Bolden's appointed counsel stated, "Mr. Bolden is in state prison. At this point in time, waiving his appearance for this particular hearing." Defense counsel then submitted on the written motion, without further argument, and the trial court denied the motion.

Bolden appeals.

DISCUSSION

I. *Remand is Necessary Because Bolden Did not Waive His Right to Be Present at the Resentencing*

Bolden's primary argument on appeal is that he did not waive his presence at the resentencing hearing and the trial court therefore erred by holding the hearing in his absence. The People concede this was prejudicial error and that remand for resentencing is appropriate. We agree.

"A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043." (*People v. Concepcion* (2008) 45 Cal.4th 77, 81 (*Concepcion*).) This right extends to all " 'critical stages of the criminal prosecution' " and includes sentencing and resentencing. (See *People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348 (*Cutting*).)

The right to be present may be waived. (*Concepcion, supra,* 45 Cal.4th at p. 82.) However, pursuant to section 977, subdivision (c), in all cases in which a felony is charged, the defendant shall be personally present at the time of the imposition of sentence unless the defendant executes a *written* waiver of their right to be present. The right to be present at the imposition of sentence includes the right to be present at a resentencing hearing, as the trial court has discretion to reconsider the entire sentence on remand for resentencing. (See *Cutting, supra,* 42 Cal.App.5th at p. 348.)

Here, the record does not contain any evidence of a written waiver. To the contrary, Bolden contends he did not waive his right to be present in any capacity. The only evidence of any form of waiver is defense counsel's statement at the outset of the resentencing hearing. As the People concede,

4

at a minimum, the oral statement of counsel did not satisfy the requirements of section 977, subdivision (c).[2]

As the People further concede, the error resulted in a violation of Bolden's statutory and constitutional rights and requires reversal.  Because Bolden's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967) 386 U.S. 18 applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding.  (See *Id.* at p. 24; *Cutting, supra,* 42 Cal.App.5th at pp. 347-348.)  Here, had Bolden been present at the hearing, he may have "offered mitigation factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency."  (*Cutting, supra,* 42 Cal.App.5th at p. 350.)  Accordingly, we cannot conclude that the error was harmless beyond a reasonable doubt and, therefore, must reverse and remand the matter once more for resentencing.

II.  *Ineffective Assistance of Counsel*

Bolden also contends the order should be reversed because his trial counsel provided ineffective assistance of counsel by proceeding with the resentencing hearing in his absence.  However, he concedes that there is no need for this court to adjudicate the ineffective assistance of counsel issue if this court agrees, as we do, that reversal is required based on the violation of his right to be present at the hearing in the first instance.  Accordingly, we expressly decline to address the ineffective assistance of counsel claim.

---

[2]     Bolden contends the statement was ambiguous and insufficient to establish any waiver.  We need not, and expressly do not, reach this argument as we and the parties agree remand is appropriate in any event based on section 977, subdivision (c).

Bolden also filed a petition for a writ of habeas corpus in which he largely repeats his contentions regarding his ineffective assistance of counsel claim and provides a declaration from trial counsel explaining the error. We previously issued an order stating the petition would be considered concurrently with this appeal. Because we afford Bolden complete relief in this appeal, we, concurrently and by separate opinion, dismiss the habeas corpus petition as moot.

## DISPOSITION

The order of the superior court denying Bolden's motion for resentencing is reversed and the matter is remanded to the trial court with directions to conduct a new resentencing hearing in accordance with the views expressed in this opinion.

BENKE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

6