Filed 10/3/24  P. v. Chacon CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>GASPAR CHACON,<br><br>　　Defendant and Appellant. | B331700<br><br>(Los Angeles County<br>Super. Ct. No. NA081947) |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Reversed and remanded.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising

Deputy Attorney General, and Christopher G. Sanchez, Deputy
Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court convened a resentencing hearing for Gaspar
Chacon (defendant) in his absence based solely on defense
counsel's representation that he had "authority" to appear on
defendant's behalf. This was constitutional error, and this error
was not harmless beyond a reasonable doubt. We accordingly
reverse and remand for a new resentencing hearing at which
defendant is present or makes a valid waiver of his presence.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *Underlying crime*[1]

In May 2009, defendant went by the nickname "Menace."
After hearing from a neighbor that the man renting a room from
the neighbor was late in paying his rent, defendant took it upon
himself to intimidate the man. Defendant and a friend entered
the man's room while he was sleeping, told him he "had to pay
[his] rent, Homie," and proceeded to rain punches on him,
ignoring the man's cries for help. Defendant's friend then told
the man, "You better not report this or we will come for your
daughter." The man's injuries to his face and scalp necessitated
five sutures and 14 staples.

#### B. *Prosecution, conviction, sentencing and appeal*

In the operative information, the People charged defendant

---

[1]     We draw these facts from our prior opinion in *People v.
Chacon* (Dec. 20, 2010, B222042) [non-pub opn.].

2

with (1) mayhem (Pen. Code, § 203),[2] (2) dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)), and (3) assault by means likely to product great bodily injury (§ 245, subd. (a)(1)).[3] The People alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) in committing the assault. The People also alleged that defendant's 1998 conviction for robbery (§ 211) constituted a "strike" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) as well as a prior serious felony (§ 667, subd. (a)). The People further alleged that defendant had suffered two prior prison terms (§ 667.5, subd. (b)).

A jury convicted defendant of all three charges and found true the great bodily injury allegation. In a bifurcated proceeding, the court found that defendant had suffered the prior "strike" conviction.

The trial court sentenced defendant to state prison for 24 years and 4 months. Specifically, the court sentenced defendant to 23 years on the mayhem conviction, comprised of a base sentence of 16 years (the upper term of eight years, doubled due to the prior strike), plus five years for the prior serious felony, plus two years for two prior prison terms. The court imposed a consecutive 16-month sentence on the dissuading a witness conviction, comprised of one third of the mid-term sentence of two years, doubled due to the prior strike. The court stayed the sentence for the assault conviction as well as the great bodily

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] The People also charged defendant with (1) attempted robbery (§§ 211, 664), and (2) residential burglary (§ 459), but the jury acquitted defendant of those charges.

injury enhancement.

We affirmed defendant's convictions.

## II. Procedural Background

Because defendant was eligible to have his two one-year enhancements for serving a prior prison term stricken under section 1172.75, the trial court in November 2022 appointed counsel for defendant and set the matter for a status conference. Defendant filed a memorandum seeking a full resentencing to include (1) striking the two one-year prior prison term enhancements, (2) striking the five-year enhancement for suffering a prior serious felony, and (3) imposing a low- or mid-term sentence on the mayhem count under Senate Bill 567.

The court held a hearing on May 16, 2023. Defendant was not present. At the outset of the hearing, the court asked defense counsel, "My understanding is [that] you have [Penal Code section] 977(b) authority?"; counsel responded, "I do." The court then indicated it had read the "entire file" and reviewed defendant's prison record. The court indicated its tentative intent to strike the two, one-year prior prison term enhancements as required by section 1172.75, but to deny defendant's further requests to reduce the sentence. When the People asked the court to dismiss the five-year serious felony enhancement "in the interest of justice," the court denied the request, explaining that because the defendant "had a violent past," because "the underlying crime was of a very violent nature," and because defendant "hasn't gone a single year of custody time without an incident," that "it's actually in the interest of justice to make sure [defendant] stays in [custody] for as long as possible." The court then imposed a sentence that excised the two one-year prior prison term enhancements, yielding a total sentence of 22 years

and four months.

Defendant filed this timely appeal.

### DISCUSSION

Defendant argues that the trial court committed reversible error in conducting the May 2023 resentencing hearing in his absence and without a proper waiver. We agree.

A defendant has a constitutional and statutory right to be present at a resentencing hearing, including one generated by section 1172.75. (*People v. Concepcion* (2008) 45 Cal.4th 77, 81-82; *People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*); *People v. Santos* (2024) 100 Cal.App.5th 666, 677 (*Santos*); *People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*); *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348 (*Cutting*).) A defendant may waive his right to be present, but such a waiver is valid only if it is "voluntary, knowing and intelligent." (*People v. Davis* (2005) 36 Cal.4th 510, 531.) Where, as here, the waiver is communicated through defense counsel (rather than personally by the defendant), "there must be some evidence" in the record "that [the] defendant understood the right [to be present that] he was waiving and the consequences of doing so." (*Id.* at p. 532.) The record in this case reveals *no* evidence that defendant understood his right to be present, that he was waiving that right, or that he understood the consequences of doing so. All we have is defense counsel's representation that counsel "had 977(b) authority." This is not enough, as *People v. Quan* (2023) 96 Cal.App.5th 524, 535 (*Quan*) explicitly held. The People resist this conclusion, arguing that we must "presume" that counsel's representation rests upon a proper waiver "[a]bsent affirmative evidence" to the contrary. We reject this argument because it has *Davis* backwards: The rule is not "a waiver is valid unless some

5

evidence shows it is unknowing and unintelligent"; the rule is that "a waiver is invalid unless some evidence shows it is knowing and intelligent."

We must therefore ask whether this error was harmless. Although the People urge that the error here is purely statutory, such that the defendant bears the burden of showing a different result was reasonably probable had defendant been present at the hearing under *People v. Watson* (1956) 46 Cal.2d 818 (cf. *People v. Poore* (2022) 13 Cal.5th 266, 292 [applying *Watson* in evaluating defendant's non-compliance with purely statutory section 977 requirement during *voir dire*]), the weight of precedent indicates that a defendant's total absence from a resentencing hearing absent a proper waiver "implicate[s]" the federal constitutional right to be present and hence must be presumed prejudicial unless the People can show it was harmless beyond a reasonable doubt under *Chapman v. California* (1968) 386 U.S. 18 (*Velasco, supra,* 97 Cal.App.5th at p. 674; *Santos, supra,* 100 Cal.App.5th at pp. 677-678; *Quan, supra,* 96 Cal.App.5th at p. 536; *People v. Basler* (2022) 80 Cal.App.5th 46, 59; *Cutting, supra,* 42 Cal.App.5th at pp. 348-349).  Although the trial court's observation that it is "actually in the interest of justice to make sure [defendant] stays in [custody] for as long as possible" is a strong indication that defendant will face an uphill climb to convince the court to reduce his sentence further, we cannot be sure beyond a reasonable doubt that defendant might not be able to present some additional facts that might cause the court to reconsider, particularly given the unique situation here where *the People* are asking for a further reduction in the sentence.  (*Cutting,* at p. 350 [defendant's improper absence was not harmless beyond a reasonable doubt because defendant could

"'advocate for [his] position'"]; *Basler*, at pp. 59-60 [same]; cf. *Santos*, at p. 678 [defendant's improper absence harmless beyond a reasonable doubt because defendant ineligible for relief sought]; *Nieves*, *supra*, 11 Cal.5th at pp. 508-509 [defendant's improper absence at restitution hearing harmless beyond a reasonable doubt because defendant "would have added" no "significant information about her inability to pay beyond that presented by defense counsel"].)  We do not mean to suggest what sentence the trial court should impose on remand.

Although the abstract of judgment is also erroneous for not setting forth any custody credits, that error can be remedied upon remand and after the resentencing hearing.

### DISPOSITION

The judgment is reversed, and the matter remanded for a new resentencing hearing where the defendant is present or validly waives his presence.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                                    HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

7