Filed 10/24/24  P. v. Ahumada CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARCOS AHUMADA,<br><br>  Defendant and Appellant. | B330527<br><br>(Los Angeles County Super. Ct. No. PA070015) |

APPEAL from an order of the Superior Court of Los Angeles County, David Walgren, Judge.  Reversed and remanded with directions.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy

Attorney General, and Kathy S. Pomerantz, Deputy Attorney
General, for Plaintiff and Respondent.

* * * * * *

Marcos Ahumada (defendant) appeals the trial court's
order resentencing him without his presence or a valid waiver of
his presence. The People concede this was error, and we agree.
We accordingly vacate the trial court's resentencing order and
remand for a new resentencing hearing.

### FACTS AND PROCEDURAL BACKGROUND

I.   **Facts**[1]

A.   *The underlying crimes*

On Valentine's Day 2011, defendant walked into the
courtyard of the apartment complex where he used to live,
pointed a gun in the face of one resident, and told her, "I'm going
to blast you and your family," or "I'm going to come back and
blast you and your kids."

A few minutes later, defendant approached a woman
getting into her GMC Yukon in the parking lot of a Baptist
school. He pointed a gun in her face, and said, "Bitch, get out of
the fucking car. I'm going to fucking kill you." After he got into
the Yukon but could not find the keys, he again threatened to
"fucking kill" the woman. When the woman told him precisely
where she had left the keys in the Yukon, he drove to a gas
station and got out to use a pay phone.

When he pulled out of the gas station, a marked police car
started to follow him. Once the pursuing officers turned on the

---

1    We draw these facts from our prior, unpublished appellate
opinion affirming defendant's convictions. (*People v. Ahumada*
(May 28, 2013, B240577).)

2

car's lights and sirens, defendant punched the acceleration and drove through a residential neighborhood at 60 to 80 miles per hour, at times driving on the wrong side of the street and blowing through stop signs and stop lights. He nearly struck several pedestrians, including a man in a wheelchair. The high-speed chase ended when defendant crashed the Yukon and took off on foot. Once apprehended and placed in handcuffs in the rear seat of a patrol car, defendant kicked through the patrol car's rear window.

## B. *Prosecution, conviction and appeal*

The People charged defendant with (1) making criminal threats to the apartment resident (Pen. Code, § 422),[2] (2) assaulting the resident with a firearm (§ 245, subd. (a)(1)),[3] (3) carjacking the Yukon owner (§ 215, subd. (a)), (4) evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)), and (5) misdemeanor vandalism for the damage to the patrol car window (§ 594, subd. (a)). As to the criminal threats, assault and carjacking counts, the People also alleged that defendant personally used a firearm (§§ 12022.5, 12022.53, subd. (b)). The People further alleged that defendant's 2006 residential burglary conviction constituted a prior "strike" under our Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), that defendant had one prior serious felony conviction (§ 667, subd. (a)), and that

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

[3]     Although the People originally charged this count as assault with a semi-automatic firearm (§ 245, subd. (b)), the People amended the count to assault with a firearm following the verdict.

3

defendant had served four prior prison sentences (§ 667, subd. (b)).

A jury convicted defendant of all counts and found true the firearm enhancements. Defendant admitted the prior convictions pertinent to the sentencing enhancements.

The trial court imposed a prison sentence of 43 years and 8 months, to be followed by a jail sentence of one year (for the misdemeanor). Specifically, the trial court imposed a sentence of 37 years on the carjacking count, comprised of a base sentence of 18 years (an upper term of nine years, doubled due to the prior strike), plus ten years on the firearm enhancement, five years for the prior serious felony, and four one-year sentences for the prior prison terms. The court then imposed a consecutive sentence of five years and four months for the assault with a firearm count, comprised of a base sentence of two years (one third of the midterm sentence of three years, doubled due to the prior strike) plus three years and four months for the firearm enhancement (one third of the midterm enhancement). The court then imposed a consecutive sentence of 16 months for the evasion count (one third the midterm sentence of two years, doubled due to the prior strike). The court imposed, but stayed under section 654, a two-year sentence on the criminal threat count.

We affirmed defendant's conviction and sentence on appeal.

## II.    Procedural Background

On July 7, 2022, defendant filed a petition asking the trial court to strike his four one-year prison priors under the recently enacted Senate Bill 483. On July 26, 2022, the trial court denied the petition because the bill provided that any relief must be initiated by the California Department of Corrections and

4

Rehabilitation (the Department), and the Department had yet to find defendant eligible for resentencing under that bill.

Later in 2022, however, the Department advised the trial court that defendant was eligible for relief.

On December 6, 2022, the trial court asked a public defender "to step in on a moment's notice" and represent defendant for a resentencing hearing. After the public defender "waiv[ed] [his] client's appearance," the court resentenced defendant to a total sentence of 40 years and eight months by striking the four one-year prior prison term enhancements. The court explained why it would not exercise its newfound discretion to strike some of the enhancements and explained why the facts of the case justified a high-end sentence on the carjacking count.

Defendant filed a timely notice of appeal.[4]

## DISCUSSION

Defendant argues that the trial court committed reversible error in conducting the December 2022 resentencing hearing in his absence and without a proper waiver. The People agree, and so do we.

A defendant has a constitutional and statutory right to be present at a full resentencing hearing, including one generated by section 1172.75. (*People v. Concepcion* (2008) 45 Cal.4th 77, 81-82; *People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*); *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662; *People v. Santos* (2024) 100 Cal.App.5th 666, 677 (*Santos*); *People v. Velasco* (2023) 97 Cal.App.5th 663,

---

[4] Defendant initially appealed the denial of his petition, and subsequently asked for permission to appeal the resentencing order once he learned of it. We issued an order deeming the late-filed notice of appeal to be timely.

5

673 (*Velasco*); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348 (*Cutting*).) A defendant may waive his right to be present, but such a waiver is valid only if it is "voluntary, knowing and intelligent." (*People v. Davis* (2005) 36 Cal.4th 510, 531.) Where, as here, the waiver is communicated through defense counsel (rather than personally by the defendant), "there must be some evidence" in the record "that [the] defendant understood the right [to be present that] he was waiving and the consequences of doing so." (*Id.* at p. 532.) The record in this case reveals *no* evidence that defendant understood his right to be present, that he was waiving that right, or that he understood the consequences of doing so. All we have is defense counsel's representation that he "waiv[ed] his client's appearance." That is not enough.

We must therefore ask whether this error was harmless. The weight of precedent indicates that a defendant's total absence from a resentencing hearing absent a proper waiver "implicate[s]" the federal constitutional right to be present and hence must be presumed prejudicial unless the People can show it was harmless beyond a reasonable doubt under *Chapman v. California* (1968) 386 U.S. 18. (*Velasco, supra,* 97 Cal.App.5th at p. 674; *Santos, supra,* 100 Cal.App.5th at pp. 677-678; *People v. Quan* (2023) 96 Cal.App.5th 524, 536; *People v. Basler* (2022) 80 Cal.App.5th 46, 59; *Cutting, supra,* 42 Cal.App.5th at pp. 348-349.) Here, the People make no effort on appeal to shoulder that burden. Nor can we conclude on this record that defendant's absence was harmless because, if present, defendant could have "'advocate[d] for [his] position.'" (*Cutting,* at p. 350 [so holding]; *Basler,* at p. 59 [same]; cf. *Santos,* at p. 678 [defendant's improper absence harmless beyond a reasonable doubt because defendant

6

ineligible for relief sought]; *Nieves*, *supra*, 11 Cal.5th at pp. 508-509 [defendant's improper absence at restitution hearing harmless beyond a reasonable doubt because defendant "would have added" no "significant information about her inability to pay beyond that presented by defense counsel"].)

We do not mean to suggest what sentence the trial court should impose on remand.[5]

## DISPOSITION

The order is reversed, and the matter remanded for the trial court to conduct a full resentencing hearing in accordance with section 1172.75 with defendant and his counsel present (unless there is a valid waiver of defendant's appearance).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

---

[5] In light of our disposition, we have no occasion to address the parties' argument that the trial court's ad hoc and last-minute appointment of "stand-in" counsel deprived defendant of his right to counsel.