Filed 1/14/25  P. v. Lara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083164 |
| v. | (Super.Ct.No. INF1501389) |
| DAVID DELEON LARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John J. Ryan, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant David DeLeon Lara appeals from a resentencing order after the matter was remanded in his prior appeal.  He contends the trial court erred by: (1) resentencing him in his absence, without a valid waiver; and (2) failing to correctly award him presentence custody credits.  We agree and reverse.

<u>PROCEDURAL BACKGROUND</u>

A jury convicted defendant of first degree premeditated murder (Pen. Code[1], § §187, 189, subd. (a)) and returned true findings that he personally discharged a firearm in the commission of the murder (§ 12022.53, subds. (d), (e)), and intentionally killed the victim under the special circumstance of lying in wait (§ 190.2, subd. (a)(15)).  (*People v. Lara* (June 28, 2022, E074161) [nonpub. opn.] (*Lara*).)[2]  On November 1, 2019, the court sentenced defendant to a total of 50 years to life in state prison, consisting of  25 years to life on the murder conviction and a consecutive 25 years to life on the firearm enhancement.  Because he was only 16 years old when he committed the murder, defendant was not sentenced to life without the possibility of parole (LWOP) for the murder based on the special circumstance finding, which otherwise would have mandated an LWOP sentence.  (*Ibid.*)

---

[1]  All further statutory references will be to the Penal Code unless otherwise indicated.

[2]  By order dated April 24, 2024, this court granted defendant's request that we take judicial notice of the case file from his prior appeal.  (Evid. Code, §§ 452, 459.)

Defendant appealed, and this court rejected his claim that the matter had to be remanded for resentencing so the trial court could consider whether to impose a lesser firearm enhancement on the murder charge. (*People v. Lara*, *supra*, E074161.)

The California Supreme Court granted review and transferred the matter back to this court with directions to vacate our decision and reconsider the matter in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). (*People v. Lara*, *supra*, E074161.) In *Tirado*, the Supreme Court concluded that trial courts have discretion to strike section 12022.53 firearm enhancements in the interest of justice (§ 12022.53, subd. (h)) and to impose no punishment or punishment on a lesser section 12022.53 enhancement if the elements of the lesser enhancement were alleged and found true. (*Tirado*, *supra*, 12 Cal.5th 688 at pp. 696-700 & fn. 13.)

Pursuant to the Supreme Court's order, we vacated our decision and remanded the matter for resentencing for the trial court to consider, for the first time, whether to exercise its discretion to impose a lesser term on a lesser firearm enhancement under section 12022.53, subdivisions (b) (10 years) or (c) (20 years), instead of the 25-year-to-life term it imposed on the firearm enhancement under section 12022.53, subdivisions (d) and (e). We remanded for a full resentencing and modified the judgment to award defendant a total of 503 days of presentence custody credits (196 more than he was awarded on November 1, 2019.) (*People v. Lara*, *supra*, E074161.)

On December 14, 2023, the court held a resentencing hearing. Defendant was not present but was represented by counsel. The court asked counsel if they were going to

have the hearing "outside [defendant's] presence." Defense counsel responded in the affirmative, and the court asked if defendant had agreed to that. Defense counsel responded, "Yes, Your Honor. I did speak with him last Thursday on the phone. And he indicated to me that it was fine for me to go forward with the hearing. He did not wish to be transported." The court proceeded with the hearing.

After hearing argument from counsel, the court declined to strike or reduce the firearm enhancement and stated that the original sentence of 50 years to life "stands." In declining to reduce or strike the enhancement, the court said it considered the *Miller*[3] factors, which included defendant's age at the time of the offense, his adverse social history, his family and friend support system, his immaturity and failure to appreciate risks and consequences, his reduced culpability due to his age, and his remorse for the crime. The court noted that the crime was sophisticated and planned and involved rival gangs, and that defendant had been "a gangster, since he's been a baby, just about." The court stated that the offense was cruel, and that it did not think the sentence was cruel and unusual punishment.

## DISCUSSION

I. <u>The Trial Court Erred in Conducting The Resentencing Hearing in Defendant's Absence, Without a Valid Waiver</u>

Defendant argues it was error to conduct the resentencing hearing in his absence, without a valid waiver. The People concede that defense counsel's waiver of defendant's

---

[3] *Miller v. Alabama* (2012) 567 U.S. 460.

presence was insufficient.  We agree and conclude the matter must be remanded for another hearing to allow defendant to be present or to execute a valid waiver.

A.  *The Court Erred in Proceeding in Defendant's Absence*

A criminal defendant's right to be personally present at trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, section 15 of the California Constitution, and sections 977 and 1043.  (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.)  The right extends to all critical stages of a criminal prosecution, including sentencing and resentencing.  (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*) [resentencing is a critical stage because the trial court may reconsider the entire sentence].)  Counsel may waive defendant's presence if there is evidence that defendant understood the right he was waiving and the consequences of doing so.  (*People v. Davis* (2005) 36 Cal.4th 510, 532 (*Davis*).)

Where, as here, the waiver is communicated through defense counsel (rather than personally by the defendant), "there must be some evidence" in the record "that the defendant understood the right [to be present that] he was waiving and the consequences of doing so."  (*Davis*, *supra*, 36 Cal.4th at p. 532.) The record in this case reveals no evidence that defendant understood his right to be present, that he was waiving that right, or that he understood the consequences of doing so.  It only shows defense counsel's representation that he spoke with defendant on the phone, and defendant indicated that "it was fine for [counsel] to go forward with the hearing."  As the People concede, defendant did not knowingly and intelligently waive his right to presence at the hearing.  (*Ibid.*)  We

5

conclude that the court erred in conducting the resentencing hearing in the defendant's absence without a valid waiver from defendant of his right to be present.

B. *Defendant's Absence From the Hearing Was Not Harmless Error*

Because the trial court's error resulted in a violation of defendant's federal constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman v. California* (1967) 386 U.S. 18, 23 to determine if it was harmless beyond a reasonable doubt. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.'" (*Ibid.*)

Given the nature and scope of resentencing under *Tirado*, had defendant been present at the hearing, he could have offered evidence or input on a number of factors regarding his background, character, post-sentencing conduct, and prospects in an effort to persuade the court to exercise its discretion to strike or impose a lesser enhancement under section 12022.53. (See *People v. Rocha* (2019) 32 Cal.App.5th 352, 359-360.) Thus, as the People concede, a remand is appropriate.

Defendant points out that the parties disagree as to the appropriate remedy. The People ask this court to "conditionally remand" the matter for the court to conduct a resentencing hearing, at which defendant chooses to be present or execute a valid waiver. Without citing any authority, they then contend that if he chooses to execute a valid waiver, the court "should reinstate its previous resentencing order." We disagree.

6

Because the court erred, defendant is entitled to have the matter remanded for the court to conduct a new, full resentencing hearing at which he must be present, unless his presence is validly waived.  (See *Cutting*, *supra*, 42 Cal.App.5th at pp. 350-351; see also *People v. Velasco* (2023) 97 Cal.App.5th 663, 674-675; *People v. Guerrero* (2022) 76 Cal.App.5th 329, 338.)

II.  The Court Erred in Failing to Recalculate Defendant's Custody Credits

Defendant also contends the trial court erred in failing to recalculate his custody credits as of the time of resentencing.  The People concede and note that the court will be able to recalculate defendant's custody credits upon remand.  We agree.

It is the duty of the trial court to calculate custody credits while imposing sentence.  (§ 2900.5, subd. (d).)  When a defendant is resentenced after a judgment is modified during the term of imprisonment, he must receive credit for the time already served.  (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)  As defendant points out, the abstract of judgment filed after the resentencing hearing lists the same number of custody credits that were awarded at the original sentencing hearing.  Since we are remanding the matter for a new resentencing hearing, we direct the trial court to calculate defendant's credits for the time he has served in custody when resentencing him.

DISPOSITION

The order is reversed, and the matter is remanded to the trial court to conduct a resentencing hearing with defendant present, absent a valid waiver.  On remand, the trial court is directed to recalculate defendant's custody credits and amend the abstract of

7

judgment to reflect the correct amount of custody credits.  In all other respects, the

judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                              
                                    J.


We concur:

CODRINGTON                
              Acting P. J.

MENETREZ                  
                    J.